UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE I, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-CV-1518 (CEJ) |
| | ) | |
| JEREMIAH W. NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court following a hearing on the plaintiffs' motion for a preliminary injunction to enjoin enforcement of § 589.426, Mo.Rev.Stat. For the reasons stated on the record at the hearing, the Court finds that plaintiffs have met their burden to establish irreparable harm and a reasonable likelihood of success on the merits with respect to their constitutional challenges to §§ 589.426.1 (1) and (2)[1]; they have

---

[1]Section 589.426 provides:

    1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:
(1) Avoid all Halloween-related contact with children;
(2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to, employment or medical emergencies;
(3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and
(4) Leave all outside residential lighting off during the evening hours after 5 p.m.
    2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

further established that the balance of equities favors them to the extent "that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase Sys. Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). However, the Court further finds that the plaintiffs have not met their burden of establishing their entitlement to injunctive relief with respect to the enforcement of §§ 589.426.1 (3) and (4).

In their complaint, the plaintiffs claim that the statute violates the Due Process Clause of the Fourteenth Amendment in that the statute fails to provide fair notice of the conduct it proscribes. If the plaintiffs succeed on the merits of the due process claim, the statute will be unenforceable not only as to the plaintiffs but as to <u>all</u> persons required to register as sexual offenders. The Court believes it is appropriate at the preliminary injunctive stage to focus on the actions of the defendants with respect to enforcement of the statute on October 31, 2008, as opposed to limiting the requested relief to the plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for preliminary injunction to enjoin enforcement of § 589.426, Mo.Rev.Stat., on October 31, 2008, [Doc. #2] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the defendants, their agents, and any persons acting in concert with them, are enjoined from enforcing the provisions of § 589.426.1 (1) and § 589.426.1 (2), Mo.Rev.Stat., on October 31, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2008.