UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE I, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No.: 4:08-CV-1518 CEJ |
| | ) |
| JEREMIAH W. NIXON, et al., | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM IN SUPOPRT OF THE MOTION OF DEFEDANTS NIXON AND BLUNT TO DISMISS PLAINTIFFS' COMPLAINT

Defendants, Jeremiah W. Nixon, Attorney General of Missouri, and Matt Blunt, Governor of Missouri ["State Officials"], have moved this Court for an Order, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), dismissing plaintiffs' Complaint against defendants. In support of their motion, State Officials state as follows:

**I.    INTRODUCTION**

On June 30, 2008, the Governor of Missouri signed into law Mo.Rev.Stat. § 589.426 ["Statute"], which contained amendments to Missouri's "Megan's Law," Mo.Rev.Stat. § 589.400 *et seq.,* requiring persons presently required to register in Missouri as a sexual offender to:

(1)    Avoid all Halloween-related contact with children;

(2)    Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to, employment or medical emergencies;

(3)    Post a sign at his or her residence stating, "No candy or treats at this residence"; and

1

  (4) Leave all outside residential lighting off during the evening hours after 5 p.m.

Mo.Rev.Stat. § 589.426 (2008 Supp.).

On October 3, 2008, plaintiffs, allegedly four individuals required to register in Missouri as sex offenders, filed this action under 42 U.S.C. § 1983 seeking a judgment declaring the Statute unconstitutional and enjoining its enforcement.  On November 2, 2008, plaintiffs filed their First Amended Complaint [Doc. No. 77; "Complaint"], which adds additional parties and constitutional claims, as well as a prayer for nominal damages.

Plaintiffs allege that the Statute provides them inadequate notice of what constitutes a violation and restricts their right to travel, in violation of the Fourteenth Amendment to the United States Constitution; constitutes both an ex post facto law, in violation of Art. I, § 10, of the United States Constitution, and a retrospective law, in violation of Art. I, § 13, of the Missouri Constitution; interferes with family association, in violation of the First Amendment to the United States Constitution; and requires plaintiffs to speak to avoid arrest, in violation of the Fifth Amendment to the United States Constitution.

Because this Court lacks jurisdiction over plaintiffs' claims against State Officials and should decline to hear plaintiffs' claims against any defendant, plaintiffs' Complaint should be dismissed.

## II.     ARGUMENT

### A.     This Court should decline to hear plaintiffs' claims.

Under the *Pullman* abstention doctrine, federal courts may decline to exercise jurisdiction where state law is unclear and a state court's clarification of state law could render a federal court's federal constitutional decision unnecessary.  *See Railroad Comm'n of Tex. v. Pullman Co.,* 312  U.S. 496, 61 S.Ct. 643, (1941).

> The paradigm case for abstention arises when the challenged state statute is susceptible of  "a construction by the state courts that would avoid or modify the [federal] constitutional question." ... More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication....

*Beavers v. Arkansas State Bd. of Dental Examiners,* 151 F.3d 838, 841 (8th Cir. 1998) (quoting *Lake Carriers' Assoc. v. MacMullan,* 406 U.S. 498, 510-11, 92 S.Ct. 1749 (1972)) (district court did not abuse its discretion in abstaining in case involving challenge to constitutionality of state regulations which were subject to interpretation by state courts).

To the extent that the Statute is unclear, as plaintiffs have alleged, Missouri Courts should be afforded the first opportunity to clarify any ambiguity regarding the scope or meaning of the statute and thereby render plaintiffs' constitutional challenges moot.  To this end, on October 31, 2008, Plaintiff John Doe I filed a lawsuit styled *John Doe v. State of Missouri,* Case No. 08AC-CC00874, in the Circuit Court of Cole County, Missouri.  In the pending state court suit, plaintiff seeks a judgment declaring the Statute

3

unconstitutional as violative of Article I, section 13 of the Missouri Constitution and enjoining its enforcement.

Should the state court determine, as plaintiff asserts in his state court petition, that the Statute may not be enforced against persons whose obligation to register as sex offenders arises from convictions entered prior to August 28, 2008, none of the plaintiffs in the case at bar, all of whom allege that they were convicted prior to the effective date of the Statute[1], could possibly face prosecution under the Statute.  Similarly, construction of allegedly vague statutory terms by a Missouri court could render plaintiffs' vagueness challenge moot.  Because Missouri courts should be afforded the first opportunity to construe the Statute in a manner which would render federal court determination of its constitutionality unnecessary, abstention is appropriate.

> **B.     All of plaintiffs' claims against State Officials are barred by the Eleventh Amendment to the United States Constitution, are not cognizable under 42 U.S.C. §1983, and should be dismissed.**
>
>> *1.     The Eleventh Amendment bars this Court's exercise of jurisdiction over any of plaintiffs' claims against State Officials.*

The Eleventh Amendment precludes federal court jurisdiction over suits brought by private parties against unconsenting states and prohibits the assessment of damages from the State treasury by federal courts.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73, 116 S.Ct. 1114, 1131-32 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-100, 104 S.Ct. 900, 907-08 (1984); *Edelman v. Jordan*, 415

---

[1] See Complaint, pp. 4-5, ¶¶ 9-14.

4

U.S. 651, 664-65, 94 S.Ct. 1347, 1356-57 (1974).  Plaintiffs named State Officials as defendants in their official capacities as the Attorney General and Governor of the State of Missouri.  Complaint, p. 1.  For purposes of the Eleventh Amendment, a suit against a state official in his official capacity is considered a suit against the State.  *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991); *Pennhurst,* 465 U.S. at 101-02.   Thus, this Court lacks jurisdiction over plaintiffs' claims against State Officials and plaintiffs' claims should be dismissed.  *Id.*

Moreover, plaintiffs' damage claims against State Officials in their official capacities are not cognizable under 42 U.S.C. §1983 and should be dismissed.  When sued in their official capacities, state officials are representatives of their offices, rather than "persons" who may be held liable for damages under section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).  Plaintiffs' claims seeking damages against State Officials should therefore be dismissed.

>    2.   *The <u>Ex parte Young</u> exception to Eleventh Amendment immunity is not applicable to plaintiffs' claims seeking equitable relief against State Officials.*

As a general rule, the Eleventh Amendment bars federal court jurisdiction over an official capacity suit against a state official "regardless of whether it seeks damages or injunctive relief."  *Pennhurst,* 465 U.S. at 102.  However, an exception to the general rule exists for a small category of cases seeking relief in the form of an injunction against enforcement of an allegedly unconstitutional statute by a state official who stands poised to enforce the statute against the plaintiff.  *Ex parte Young,* 209 U.S. 123, 157, 28 S.Ct.

5

441, 453 (1908); *Pennhurst,* 465 U.S. At 102-03; *Reproductive Health Services of Planned Parenthood of St. Louis Region,* 428 F.3d 1139, 1145 (8th Cir. 2005). The exception applies only to state officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution…." *Ex parte Young,* 209 U.S. at 156.

Plaintiffs do not and cannot allege that State Officials have threatened them with prosecution under the Statute. Instead, according to the Complaint, Defendant Nixon is named as a defendant because, as Attorney General, he is charged with instituting state court proceedings to enforce Missouri statutes and is authorized to aid local prosecutors[2] when so directed by the Governor or by a court. Complaint, pp. 5-6, ¶ 15. Plaintiffs allege that Defendant Blunt is a proper party because the Governor holds supreme executive power and is required to take care that laws are distributed and faithfully executed. Complaint, p.6, ¶ 16. These allegations are insufficient to invoke this Court's jurisdiction over State Officials.

The Missouri Attorney General is authorized to advance the State's interests in Missouri courts, Mo.Rev.Stat. § 27.060, and may seek to intervene in federal litigation (to which no state official or employee is a party[3]) challenging the constitutionality of a Missouri statute. 28 U.S.C. § 2403(b); Fed.R.Civ.P. 24. However, Missouri law

---

[2] *See* Mo.Rev.Stat. §§ 27.030. Plaintiffs have not alleged that the Governor or any state court has directed the Attorney General to assist in any local prosecution under the Statute. Nor have plaintiffs alleged that any plaintiff has been charged with a violation of the Statute.

[3] In their amended complaint, plaintiffs named as a defendant Colonel James F. Keathley, Superintendent of the Missouri State Highway Patrol.

6

delegates primary responsibility for enforcing the Statute to the prosecuting attorneys of the various Missouri counties[4], rather than the Attorney General. Similarly, the Governor of Missouri, although required by the Missouri Constitution to assure that Missouri laws are faithfully executed[5], has no authority to prosecute any violation of the Statute.

Plaintiffs cannot allege that either the Attorney General or the Governor is an individual "who threatens and [is] about to commence proceedings" to enforce the Statute against them. Accordingly, this Court lacks jurisdiction to enjoin State Officials, and plaintiffs' claims against them should be dismissed. *See Reproductive Health Services,* 428 F.3d at 1145 (vacating district court order granting preliminary injunction against Missouri Attorney General where neither the Governor nor any state court had directed the Attorney General to take action to enforce the statute in question because "extending the grant of preliminary injunctive relief to this defendant in his official capacity looks very much like the impermissible grant of federal court relief against the State of Missouri"); *Okpalobi v. Foster,* 244 F.3d 405, 416 (5th Cir. 2001) (Eleventh Amendment barred action against state Governor and Attorney General where neither possessed "the particular duty to enforce the statute in question and a demonstrated willingness to

---

[4] *See* Mo.Rev.Stat. § 56.060.1 ("Each prosecuting attorney shall commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned…."); Mo.Rev.Stat. § 27.050 ("The attorney general shall appear on behalf of the state in the court of appeals and in the supreme court and have the management of and represent the state in all appeals to which the state is a party *other than misdemeanors and those cases in which the name of the state is used as nominal plaintiff in the trial court.*") (emphasis supplied). Failure to comply with the requirements of the Statute is punishable as a class A misdemeanor. Mo.Rev.Stat. § 589.426.2 (2008 Supp.).

[5] *See* Mo.Const. art. IV, §2.

exercise that duty"); *Children's Healthcare is a Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1416 (6th Cir. 1996) (Eleventh Amendment precluded action against state Attorney General because "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law"); *Shell Oil Co. v. Noel,* 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute…. Nor is the mere fact that an attorney general has a duty to prosecute all actions in which the state is interested enough to make him a proper defendant in every such action.").

### III.  Conclusion

For the foregoing reasons, Defendants Jeremiah W. Nixon, Attorney General of Missouri, and Matt Blunt, Governor of Missouri, respectfully request that this Court enter an Order dismissing plaintiffs' First Amended Complaint against defendants and order any such further relief as the Court deems appropriate.

        Respectfully submitted,

        JEREMIAH W. (JAY) NIXON
        Attorney General


        */s/ Christopher J. Quinn*
        CHRISTOPHER J. QUINN # 63236
        Assistant Attorney General
        P.O. Box 861
        St. Louis, Missouri 63188
        (314)340-7861
        Fax: (314)340-7029
        Christopher.Quinn@ago.mo.gov


## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2008, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system, with an additional copy sent via first class U.S. Mail to:

Mark S. Fisher
Pike County
Prosecuting Attorney
115 West Main Street
Bowling Green, MO 63334


        */s/ Christopher J. Quinn*
        Assistant Attorney General