UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE I, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:08-CV-1518 (CEJ) |
| ) | |
| JEREMIAH W. NIXON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for leave to proceed in this action under pseudonyms. Defendants oppose the motion and the issues are fully briefed.

Plaintiffs Jan Doe I, Jan Doe II, John Doe I, John Doe II, John Doe III, and John Doe IV are individuals required to register as sex offenders, pursuant to MO.REV.STAT. § 589.400. Jane Doe I is a resident of the City of Maryland Heights in St. Louis County, Missouri. On or about May 16, 2003, she was convicted in St. Louis County, Missouri, of two counts of second degree statutory sodomy. Jane Doe I alleges that she has significant contact with her grandchildren, who are under the age of eighteen. Jane Doe II is a resident of the City of Cape Girardeau in Cape Girardeau County, Missouri. On or about December 7, 2001, she was convicted in St. Charles County, Missouri, of two counts of both statutory rape and statutory sodomy. Jane Doe II alleges that she has sole custody of her ten-year old daughter. John Doe I is a resident of the City of Ballwin in St. Louis County, Missouri. On or about January 17, 2001, he was convicted in Cole County, Missouri, of statutory rape and

statutory sodomy. John Doe I alleges that he lives with his step-children, who are under the age of eighteen. John Doe II is a resident of the City of Bowling Green in Pike County, Missouri. On or about June 28, 1995, he was convicted in Marion County, Missouri, of statutory rape. John Doe II alleges that he lives with and has sole custody of his two children from a previous marriage, a step-child, and another child, all of whom are minors. John Doe III is a resident of Kansas City in Clay County, Missouri. On or about November 13, 1997, he was convicted in Sedgwick County, Kansas, of indecent liberties with a minor. John Doe III lives with his daughter, who is a minor. John Doe IV is a resident of the City of Manchester in St. Louis County, Missouri. On or about January 27, 1999, he was convicted in the District of Columbia of a misdemeanor charge of sexual abuse. John Doe IV alleges that he has one minor child.

In their first amended complaint, plaintiffs seek a judgment declaring that MO.REV.STAT. § 589.426, a criminal statute, violates the United States Constitution on its face and violates the Missouri Constitution as applied to plaintiffs. Additionally, plaintiffs ask that the Court enjoin the enforcement of the statute against plaintiffs. (Doc. #77).

Plaintiffs ask that the Court allow them to proceed in this action under the "Doe" pseudonyms. Plaintiffs state that use of pseudonyms is necessary to protect the privacy of their minor children. Plaintiffs argue that use of their real names "will ultimately require identification of their children." Plaintiffs also contend that, by expressing their desire not to comply with the statute, they are admitting their intention to engage in illegal conduct. Moreover,

plaintiffs state that they may have violated the statute on October 31, 2008. Therefore, plaintiffs risk criminal prosecution if their real names are used.

Defendants do not dispute the fact that plaintiffs are challenging government activity. However, defendants argue that disclosure of plaintiffs' real names will not reveal "information of the utmost intimacy." Defendants contend that the fact that plaintiffs are sexual offenders "is already a matter of public record and readily discernible by anyone." Defendants refer the Court to Missouri law, which mandates that:

> Only the information listed in this subsection shall be provided to the public in the registered sexual offender search:
>
> (1) The name and any known aliases of the offender;
>
> (2) The date of birth and any known alias dates of birth of the offender;
>
> (3) A physical description of the offender;
>
> (4) The residence, temporary, work, and school addresses of the offender, including the street address, city, county, state, and zip code;
>
> (5) Any photographs of the offender;
>
> (6) A physical description of the offender's vehicles, including the year, make, model, color, and license plate number;
>
> (7) The nature and dates of all offenses qualifying the offender to register;
>
> (8) The date on which the offender was released from the department of mental health, prison, or jail, or placed on parole, supervised release, or probation for the offenses qualifying the offender to register[.]

Mo.Rev.Stat. § 589.402.3. Missouri law also states that "[t]he registered sexual offender search shall make it possible for any person using the Internet to search for and find the information specified in subsection 3 . . . ." Mo.Rev.Stat. § 589.402.2. Defendants maintain that "any interest [that] plaintiffs may have in concealing their identities is outweighed by the strong public interest in open courts." Defendants contend that "plaintiffs have not alleged that they engaged, on October 31 of any year, in any activity prohibited by the Statute, [and] they cannot demonstrate any legitimate risk of criminal prosecution 'through the information contained in the pleading.'" (citing Mo.Rev.Stat. § 589.426). Finally, defendants argue that they will suffer prejudice if plaintiffs proceed under pseudonyms. Defendants note that, "[i]n their Complaint and in various 'declarations' previously filed with [the] Court, plaintiffs have asserted, *inter alia*, their standing as registered sex offenders and their desire to engage in various activities with children" in violation of the Statute. Therefore, defendants assert that they "should be entitled to examine the veracity of plaintiffs' allegations . . . ."

With respect to parties litigating actions under pseudonyms, the Court has held that:

> Pleadings are generally required to "include the names of all the parties." Fed.R.Civ.P. 10(a). However, courts have recognized an exception to this rule where the "need for anonymity is sufficiently compelling." Heather K. v. City of Mallard, 887 F.Supp. 1249, 1256 (N.D. Iowa 1995). Although the Eighth Circuit has not articulated any specific standard for making this determination, other courts have identified several circumstances in which the exception may apply: (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose

> information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. See Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). The court must also consider the public's interest in the openness of judicial proceedings. Id.

Doe H.M. v. St. Louis County, et al., No. 4:07-CV-2116 (CEJ), 2008 WL 151629 (E.D. Mo. Jan. 14, 2008).

Plaintiffs have not shown that use of their real names would reveal "information of the utmost intimacy." As defendants note, MO.REV.STAT. § 589.402.3 not only requires disclosure of plaintiffs' real names, but it also mandates the public disclosure of plaintiffs' identity, residence, vehicle, and place of employment on the Internet. Therefore, compliance with the sexual offender registration law places the privacy of plaintiffs' children or grandchildren in jeopardy. However, defendants concede that plaintiffs are challenging government activity. Moreover, if plaintiffs are required to litigate this action under their real names, they risk criminal prosecution. In fact, defendants argue that disclosure of plaintiffs' real names is necessary so that defendants can investigate plaintiffs' "desire to engage in various activities with children on October 31." Therefore, there is a reasonable likelihood that defendants will criminally prosecute plaintiffs, under the statute, if plaintiffs' real names are revealed. As such, the Court believes that plaintiffs have established that their interests in proceeding under pseudonyms outweigh the public interest in open proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed under pseudonyms [Doc. ##3, 79] are **granted**.

**IT IS FURTHER ORDERED** that the motion of defendants Chris Koster, in his official capacity as Attorney General of the State of Missouri, and Jeremiah Nixon, in his official capacity as Governor of the State of Missouri, for leave to file a response to plaintiffs' motion for leave to proceed under pseudonyms [Doc. #93] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2009.