UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **Jane Doe I, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:08CV-01518 CEJ |
| | ) | |
| **Jeremiah W. Nixon, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION AND MEMORANDUM OF LAW FOR ABSTENTION FROM OR STAY FURTHER PROCEEDINGS IN THIS CASE

Come now Defendant Robert P. McCulloch and Chief Tim Fitch (Defendants), in their official capacities, by and through Lorena Merklin von Kaenel, and respectfully move this Court to grant their Motion for Abstention From or Stay Further Proceedings in this Case. In support of their motion, Defendants state as follows:

1. Plaintiffs have motioned this Court to certify the question of constitutionality of Section 589.426, R.S.Mo. (Halloween Statute) to the Missouri Supreme Court. *See* Doc.#151. Only Defendant O'Connor has opposed this motion. *See* Doc.#157. To date, this Court has not ruled on this motion.

2. In motions and at oral argument before this Court, all defendants have asked the Court to abstain reaching the issue of the Halloween Statute's constitutionality. Doc.#42, 43, 44, 46, 47, 48, 49, 54, 91, 97, 98, 99, 139, 140 . Instead, all defendants have requested the Court permit the Missouri Supreme Court to rule on the statute's constitutionality.

3. Under the Pullman abstention doctrine, federal courts may decline to exercise jurisdiction where state law is unclear and a state court's clarification of state law could render a federal court's federal constitutional decision unnecessary. <u>Railroad Comm'n of Tex. v. Pullman Co.</u>, 312 U.S. 496, 61 S.Ct. 643, (1941).

4. The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." ... More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication.... The doctrine ... contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." <u>Beavers v. Arkansas State Bd. of Dental Examiners</u>, 151 F.3d 838, 841 (8th Cir. 1998) (*quoting* <u>Lake Carriers' Assoc. v. MacMullan</u>, 406 U.S. 498, 510-11, 92 S.Ct. 1749 (1972) (district court did not abuse its discretion in abstaining in case involving challenge to constitutionality of state regulations which were subject to interpretation by state courts).

5. To the extent that the Statute is unclear, as plaintiffs have suggested, Missouri Courts should be afforded the first opportunity to clarify any ambiguity and thereby cure any constitutional infirmity. The Statute in question was signed into law on June 30, 2008. The statute, for the first time, has been ruled upon by the Audrain County Circuit Court and that ruling has been appealed to the Missouri Supreme Court; the case is <u>State of Missouri v. Charles A. Raynor</u>, No. SC90164. Doc. #180, pp. 5-6, Doc. #180-5.

6. Should the Missouri Supreme Court determine, for instance, that the Statute was not intended to apply retroactively or that its prohibitions are inapplicable to Halloween-related contact between sexual offenders and their own children, plaintiffs concerns would be completely alleviated.

7. Therefore, this Court should allow the Missouri Supreme Court the first opportunity to construe the Statute in a manner which would render federal court determination of its constitutionality unnecessary. Under these circumstances, abstention or a stay is appropriate.

WHEREFORE, Defendants, respectfully request this Court to abstain from or stay any further proceedings in this case until the Missouri Supreme Court has decided State v. Raynor and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

PATRICIA REDINGTON
COUNTY COUNSELOR

By_____
Lorena Merklin von Kaenel   #86527
Assistant County Counselor
County Government Center
41 South Central, 9th Floor
Clayton, Missouri 63105
(314) 615-7042

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent by means of Notice of Electronic Filing to Anthony Rothert, and all other parties-participants to the above-entitled action.

/s/ Lorena Merklin von Kaenel
Lorena Merklin von Kaenel