UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE I, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:08-cv-1518 (CEJ) |
| | ) | |
| JEREMIAH W. NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for the Court to certify a question of state law to the Missouri Supreme Court. Defendant Thomas O'Connor has filed a response,[1] and the issues are fully briefed.

**I.   Background**

On October 3, 2008, plaintiffs filed a complaint alleging that Mo.Rev.Stat. § 589.426 violates their constitutional rights under the United States and Missouri Constitutions. Section 589.426 provides:

> 1.   Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:
>
> (1)   Avoid all Halloween-related contact with children;
>
> (2)   Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to employment or medical emergencies;
>
> (3)   Post a sign at his or her residence stating, "No candy or treats at this residence"; and
>
> (4)   Leave all outside residential lighting off during the evening hours after 5 p.m.

---

[1]The other defendants in this action filed no response.

> 2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

Mo.Rev.Stat. § 589.426.

In their second amended complaint, plaintiffs allege that § 589.426 violates (1) the Due Process Clause of the Fourteenth Amendment in that the statute is vague and fails to provide adequate notice of the conduct that it proscribes; (2) the Ex Post Facto Clause in that it imposes punishment upon plaintiffs for crimes that they committed prior to the statute's enactment in 2008; (3) the First Amendment in that the statute unreasonably interferes with plaintiffs' right of family association with their children, step-children, and grandchildren; (4) the Fifth Amendment's privilege against self-incrimination in that the statute requires plaintiffs to provide a "just cause" reason for failure to remain in their households; (5) the Fourteenth Amendment in that the statute impedes their right to intrastate and interstate travel; and (6) the Missouri Constitution, Art. 1, § 13, in that the statute applies retrospectively. (Doc. #154).

Plaintiffs now move for the Court to certify to the Missouri Supreme Court the question of "[w]hether . . . § 589.426 violates the Missouri Constitution by imposing affirmative obligations, punishment, or both upon persons required to register as sexual offenders as a result of convictions and offenses occurring prior to the statute's date of enactment." (Doc. #151, at 1).

II. Discussion

Certification "allows a federal court faced with a novel state-law question to put the question directly to the State's highest court[.]" Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997) (citation omitted). The certification process begins when the federal court sends "to the state high court a certificate that sets forth the questions of state law for which answers are sought." Jonathan Remy Nash,

Examining the Power of the Federal Courts to Certify Questions of State Law, 88 CORNELL L. REV. 1672, 1693 (2003). The highest state court can either accept or reject the certified question. If the state court accepts the certified question, the federal court may render judgment in light of the state court's answer. Id at 1674. Because it prevents federal courts from resolving state law questions, certification successfully "reduc[es] the delay, cut[s] the costs, and increase[s] the assurance of gaining an authoritative response." Arizonans, 520 U.S. at 76.

According to plaintiffs, Mo.Rev.Stat. § 477.004 allows the Court to certify questions of state law to the Missouri Supreme Court. Section 477.004 provides:

> The Missouri supreme court may answer questions of Missouri law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court or a United States Bankruptcy Court if there are involved in any proceeding before the certifying court questions of Missouri law which may be relevant to the cause then pending and as to which it appears to the certifying court there is no controlling precedent in this state.

MO.REV.STAT. § 477.004.1.

The Missouri Supreme Court in, Zeman v. V.F. Factory Outlet, Inc., held that, notwithstanding § 477.004, the Missouri Constitution does not grant it original jurisdiction to render opinions on certified questions from federal courts. See Zeman v. V.F. Factory Outlet, Inc., 911 F.2d 107, 109 (8th Cir. 1990). According to the Missouri Supreme Court, § 477.004 does not affect its inability to answer certified questions because the court's jurisdiction is fixed by the Missouri Constitution and cannot be controlled, changed, or enlarged by a statute. Id.

Plaintiffs argue that certification is appropriate because there is no indication that Zeman has or was intended to have any precedential effect. Plaintiffs' argument, however, is unfounded. The Missouri Supreme Court did not limit its holding to the facts of Zeman. In Grantham v. Missouri Dep't of Corr., No. 72576, 1990 WL 602159

(Mo. July 13, 1990), the Missouri Supreme Court similarly held that it had no general jurisdiction to answer certified questions from federal courts. As in Zeman, the court declared that the Missouri Constitution does not expressly, or by implication, permit the court to respond to certified questions. Id. The court did not suggest in either decision that its jurisdiction was limited to specific facts or circumstances. Rather, the court explicitly stated that it had no authority to respond to certified questions.

Plaintiffs also contend that the use of certification in Missouri's sister states and by the United States Supreme Court will cause the Missouri Supreme Court to reach a different conclusion concerning the scope of its jurisdiction. Since 1990, most courts, including the United States Supreme Court, have either adopted or recognized the value of certification procedures. Arizonans, 520 U.S. at 76. The use of certification in other states and by the United States Supreme Court does not alter the Missouri Supreme Court's decision that it lacks jurisdiction to answer certified questions.

Finally, plaintiffs appear to argue that the Missouri Supreme Court has misinterpreted the state constitution. According to plaintiffs, the Missouri Supreme Court has the power to answer certified questions "because it accomplishes an objective naturally within the judicial orbit." (Doc. #161, at 2). Plaintiffs also state that the Missouri General Assembly has the authority to enlarge the jurisdiction of the court. Plaintiffs suggest that the Missouri legislature is only prohibited from creating legislation that is obnoxious to other parts of the Missouri Constitution. Id. at 6. Plaintiffs contend that § 477.004 is not obnoxious to any other part of the Missouri Constitution and therefore action pursuant to the statute is lawful.

The Court cannot make a determination as to whether the Missouri Supreme Court misinterpreted the state constitution or conclude that the Missouri General Assembly has the authority to enlarge the Missouri Constitution. It is fundamental that

"state courts be free and unfettered" by the federal courts in interpreting their state constitutions. Minnesota v. Nat'l Tea Co., 309 U.S. 551, 557 (1940). Federal courts do not have special competence in state law and have no authority to determine a state court's jurisdiction under its own statutes. Therefore, federal courts must follow the highest state court's construction and interpretation of a state statute. See Concordia Ins. Co. of Milwaukee v. Sch. Dist., 282 U.S. 545, 551 (1931). As such, the Court is bound by the Missouri Supreme Court's interpretation of the Missouri Constitution.

Based on the foregoing, the Court will not certify to the Missouri Supreme Court the question of whether § 589.426 violates the Missouri Constitution. See Doe v. Neer, No. 4:07CV101RWS, 2009 WL 975154 (E.D. Mo. Apr. 9, 2009) (denying plaintiffs' motion to certify a question of state law to the Missouri Supreme Court).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to certify a question of state law to the Missouri Supreme Court [Doc. #151] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2009.