**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE I, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 4:08-CV-1518 (CEJ)** |
| | ) | |
| **JEREMIAH W. NIXON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**This matter is before the Court on the motion of defendants Robert P. McCulloch and Tim Fitch for the Court to abstain or stay further proceedings in this action. Plaintiffs have responded and the issues are fully briefed.**

## I. Background

**On June 30, 2008, the Missouri Legislature enacted MO.REV.STAT. § 589.426. Section 589.426 provides:**

> **1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:**
>
> **(1) Avoid all Halloween-related contact with children;**
>
> **(2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to employment or medical emergencies;**
>
> **(3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and**
>
> **(4) Leave all outside residential lighting off during the evening hours after 5 p.m.**
>
> **2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.**

**The statute became effective on August 28, 2008.**

On October 3, 2008, plaintiffs filed a thirteen-count complaint for declaratory and injunctive relief, claiming that § 589.426 violates (1) the Due Process Clause of the Fourteenth Amendment in that the statute is vague and fails to provide fair notice of the conduct that it proscribes; (2) the Ex Post Facto Clause of the United States Constitution in that the statute imposes punishment for crimes committed prior to the statute's enactment; and (3) Article 1, section 13 of the Missouri Constitution[1] in that the statute applies retrospectively. On the same date, plaintiffs filed a motion for a preliminary injunction to enjoin the enforcement of § 589.426.

On October 27, 2008, after a hearing, the Court entered an order enjoining the defendants from enforcing the provisions of § 589.426.1 (1) and § 589.426.1 (2), Mo.Rev.Stat., on October 31, 2008. The defendants filed a motion for a stay of the order, and the motion was granted without explanation by the Eighth Circuit Court of Appeals on October 30, 2008.

On November 2, 2008, plaintiffs filed their first amended complaint, adding John Doe III and John Doe IV as plaintiffs. In a judgment dated November 6, 2008, the Eighth Circuit granted defendants' unopposed motion to dismiss their appeal.

On January 28, 2009, plaintiffs filed a second amended complaint for declaratory and injunctive relief as well as nominal damages. Plaintiffs state that they are Missouri residents, who were convicted of crimes---prior to the effective date of § 589.426---for which they are required to register as sexual offenders.[2] In the second amended

[1]Article 1, § 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor law impairing the obligation of contracts, <u>or retrospective in its operation</u>, or making any irrevocable grant of special privileges or immunities, can be enacted." MO. CONST. art. 1, § 13 (emphasis added).

[2]On May 16, 2003, Jane Doe I was convicted in St. Louis County, Missouri, of second degree statutory sodomy. On December 7, 2001, Jane Doe II was convicted in St. Charles County, Missouri, of statutory rape and statutory sodomy. On January 17, 2001, John Doe I was convicted in Cole County, Missouri, of statutory rape and

**complaint, plaintiffs allege that § 589.426 violates the Due Process Clause of the Fourteenth Amendment in that the statute is vague and fails to provide adequate notice of the conduct that it proscribes (Count I); the Ex Post Facto Clause of the United States Constitution in that it imposes punishment upon plaintiffs for crimes that they committed prior to the statute's enactment in 2008 (Count II); the First Amendment in that the statute unreasonably interferes with plaintiffs' right of family association with their children, step-children, and grandchildren (Count III); the Fifth Amendment's privilege against self-incrimination in that the statute requires plaintiffs to provide a "just cause" reason for failure to remain in their households (Count IV); the Fourteenth Amendment in that the statute impedes their right to travel (Count V); and the Missouri Constitution in that the statute applies retrospectively. (Doc. #154).**

**On November 26, 2008, the State of Missouri charged Charles A. Raynor with violating § 589.426 in the Circuit Court of Audrain County, Missouri. See State of Missouri v. Charles A. Raynor, No. 08U1-CR01062. In a Decision and Judgment dated April 23, 2009, the circuit court held:**

> **In our case, Mr. Raynor pled guilty to the offense requiring him to register as a sex offender on January 30, 1990. The Halloween-Related Restrictions for Sex Offenders statute, Section 589.426 RSMO was enacted in 2008. Clearly, this statute creates new obligations with respect to the Defendant's past actions, including the display of a specific sign and the obligation to have all outside residential lighting off during the evening hours after 5 p.m. each October 31st.**
>
> **This Court sustains Defendant's Motion to Dismiss Second Amended Information as it finds Section 589.426 RSMo [sic] violates article 1, section 13 of the Missouri Constitution.**

---

**statutory sodomy. On June 28, 1995, John Doe II was convicted in Marion County, Missouri, of statutory rape. On November 13, 1997, John Doe III was convicted in Sedgwick County, Missouri, of indecent liberties with a minor. On January 27, 1999, John Doe IV was convicted in the District of Columbia of a misdemeanor charge of sexual abuse. See (Doc. #154, at 5-6).**

**(Doc. #180-5). On May 20, 2009, the State of Missouri appealed the circuit court's ruling to the Missouri Supreme Court. See State of Missouri v. Charles A. Raynor, No. SC90164. The case is still pending.**

**II. Discussion**

**Defendants McCulloch and Fitch now move for the Court to abstain under R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941).**

**"The Pullman abstention doctrine counsels restraint in the use of federal judicial resources under certain circumstances." Robinson v. City of Omaha, Neb., 866 F.2d 1042, 1043 (8th Cir. 1989). The Eighth Circuit holds that the Pullman abstention doctrine "requires a federal court to refrain from exercising jurisdiction when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." Id. Additionally, the Eighth Circuit states that:**

> **Pullman abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.**

**Beavers v. Arkansas State Bd. of Dental Examiners, 151 F.3d 838, 841 (8th Cir. 1998). The Eighth Circuit also wrote:**

> **The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." . . .**
>
> **More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . .**

> **The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain."**

**Beavers, 151 F.3d at 841 (citing Harman v. Forssenius, 380 U.S. 528, 534 (1965)).**

**In light of the Beavers factors, the Court believes that Pullman abstention is appropriate. The parties agree that the provisions of § 589.426 (1) and § 589.426 (2), MO.REV.STAT., are unclear. Moreover, remedies are available in Missouri state courts. In fact, on October 31, 2008, one of the John Doe plaintiffs filed a petition in the Circuit Court of Cole County, Missouri, seeking declaratory and injunctive relief. See Doe v. State of Missouri, No. 08AC-CC00874. Before dismissing his petition, the plaintiff also filed an application for a temporary restraining order or preliminary injunction. Id. Therefore, plaintiffs in this action may seek injunctive relief in the Missouri state courts, enjoining the enforcement of § 589.426 on October 31, 2009. Furthermore, if the Missouri Supreme Court finds, in State of Missouri v. Charles A. Raynor, that § 589.426 does not apply retrospectively, the statute will not apply to plaintiffs. Thus, Counts II, III, IV, V, and VI of plaintiffs' second amended complaint will be moot. Additionally, if the statute does not apply to them, plaintiffs will lack standing to pursue Count I because they will have no actual or imminent injury-in-fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (To establish standing, "[f]irst, the plaintiff must [show that he or she has] suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent[.]'") (citations omitted). Abstention will also avoid federal interference with the State of Missouri's interpretation of its own laws.**

**Accordingly,**

**IT IS HEREBY ORDERED that the motion of defendants Robert P. McCulloch and Tim Fitch for the Court to abstain [Doc. #187] is granted.**

**IT IS FURTHER ORDERED that the proceedings in this action are stayed pending the resolution of state court proceedings in State of Missouri v. Charles A. Raynor, No. SC90164.**

**IT IS FURTHER ORDERED that all other pending motions in this action are denied without prejudice.**

**IT IS FURTHER ORDERED that the hearing on plaintiffs' second motion for preliminary injunction scheduled for Tuesday, October 6, 2009, at 9:30 a.m. is canceled.**

______________________________
**CAROL E. JACKSON**
**UNITED STATES DISTRICT JUDGE**

**Dated this 25th day of September, 2009.**