UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Jane Doe I, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) 4:08CV-01518 CEJ |
| Jeremiah W. Nixon, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERT P. MCCULLOCH AND CHIEF TIM FITCH'S MOTION TO DISMISS**

Come now Defendant Robert P. McCulloch and Chief Tim Fitch (Defendants), in their official capacities, by and through Lorena Merklin von Kaenel, and respectfully move this Court to grant their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because Plaintiffs' claims for relief are now moot and they correspondingly lack standing.

**Factual and Procedural Background**

Plaintiffs bring this action to declare Section 589.426, R.S.Mo. 2008, as amended, (Halloween Statute) unconstitutional as applied to them, to obtain an injunction and nominal damages; Plaintiffs allege several grounds for unconstitutionality based on the Missouri Constitution's prohibition against retrospective laws and federal law, including Article I's *ex post facto* prohibition and the First, Fifth and Fourteenth Amendments of the U.S. Constitution, if the Halloween Statute is applied to them. Doc.#125-2 (Plaintiffs' Second Amended Petition). Plaintiffs have not been investigated or prosecuted

pursuant to the Halloween Statute by these Defendants at any time; Plaintiffs have not made any allegations to the contrary. Doc.#125-2. Simply stated, Plaintiffs have not been deprived of liberty or property because of any actions by these Defendants. Doc.#125-2.

Plaintiffs Jane Doe II, John Doe II, and John Doe III do not live in St. Louis County and are, therefore, wholly outside these Defendants' jurisdiction. Doc.#125-2, para. 10, 12, 13. A criminal prosecution is initiated and prosecuted in the county in which the offense is committed. Section 541.033, R.S.Mo. 2000, as amended. Therefore, these Defendants cannot enforce the Halloween Statute against Jane Doe II, John Doe II, and John Doe III where they reside. Doc.#125-2, para. 10, 12, 13. Any notion of an extra-jurisdictional prosecution is so remote and improbable that it is preposterous. This is in addition to the above-stated argument that because these Defendants took no action to enforce the Halloween Statute against Jane Doe II, John Doe II, and John Doe III, these Defendants have not violated any of these Plaintiffs' constitutional rights.

The Halloween Statute became effective on August 28, 2008. Doc.#125-2, para. 2. Each of Plaintiffs' convictions occurred before August 28, 2008. Doc.#125-2, para. 8-14. Through its opinion in F.R. v. St. Charles County Sheriff's Dept., 301 S.W.3d 56 (Mo. *en banc* 2010), the Missouri Supreme Court has definitively barred these Defendants from enforcing the Halloween Statute against these Plaintiffs. The Court reasoned that these Defendants are barred by the Missouri Constitution's prohibition against retroactive application of the Halloween Statute to persons convicted before the Halloween Statute's passage. Id. at 65. The F.R. opinion leaves no room for discretion for these Defendants and is definitive. Id. Defendants will not violate this prohibition of the Supreme Court of Missouri to enforce the Halloween Statute against Plaintiffs; Plaintiffs have not overcome the presumption that these Defendants will not violate the law.

Because these Defendants have not enforced and cannot and do not intend to enforce the Halloween Statute against these Plaintiffs, this case is moot. Since Plaintiffs Jane Doe II, John Doe II, and John Doe III are wholly outside these Defendants' jurisdiction to enforce the Halloween Statute, the case should be dismissed for that reason as well. Doc.#125-2, para. 10, 12, 13. The Court should, therefore, dismiss this case against these Defendants.

### Argument

It is well-established that in order to file a claim, a plaintiff must have standing under Article III of the United States Constitution. U.S. Const. Art. III, § 2, cl. 1, *see also* Iron Cloud v. Sullivan, 984 F.2d 241, 242 (8th Cir. 1993). The threshold issue of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action, and redressable by a favorable ruling. Id. at 560-561. Further, the plaintiff bears the burden of showing that he has standing for each type of relief sought. Summers v. Earth Island Institute, 129 U.S. 1142, 1149 (2009). For standing, a controversy must be extant at all stages of review, not merely at the time the complaint is filed. Preiser v. Newkirk, 422 U.S. 395, 401 (1975), *see also* Spencer v. Kemna, 523 U.S. 1, 7 (1998)(The case-or-controversy requirement subsists through all stages of federal judicial proceedings where the parties must continue to have a personal stake in the outcome of the lawsuit and must suffer or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision) *citing* Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990).

In the case at bar, Plaintiffs do not have standing because their claims have become moot for two reasons. First, the Plaintiffs have never been prosecuted for violation of the Halloween Statute by

these Defendants; therefore, there are no actual damages to Plaintiffs attributable to these Defendants. Second, Plaintiffs will not be prosecuted in the future pursuant to the Halloween Statute because a Missouri Supreme Court decision bars the statute's retrospective application to sex offenders convicted before its passage. In addition, Plaintiffs Jane Doe II, John Doe II, and John Doe III reside wholly outside the jurisdiction of these Defendants and cannot be prosecuted by them for violations of the Halloween Statute.

All Plaintiffs were convicted before the passage of the Halloween Statute. Doc. #125-2, para. 8. These Defendants cannot and will not enforce the Halloween Statute against these Plaintiffs. Any fear of prosecution the Plaintiffs may proffer is imaginary and speculative at best. It is simply preposterous to imagine the St. Louis County Prosecuting Attorney and the St. Louis County Chief of Police would not uphold their oaths to follow the law as set forth by the highest court in this state.

The Supreme Court of Missouri has held that prosecution of sex offenders pursuant to the Halloween Statute whose convictions occurred prior to the statute's passage violated state constitutional principles forbidding retrospective laws. F.R. v. St. Charles County Sheriff's Dept., 301 S.W.3d 56, 66 (Mo. *banc* 2010). Since all of the plaintiffs in the case at bar were convicted of sexual offenses prior to 2008, these Defendants cannot prosecute any one of the Plaintiffs pursuant to the Halloween Statute. Therefore, the Halloween Statute does not apply to Plaintiffs and they do not have any actual or imminent injury-in-fact. *See* Lujan, 504 U.S. at 560.

Plaintiffs who have never been and will never be prosecuted by these Defendants pursuant to the Halloween Statute are not eligible for a permanent injunction. In addition, it is uncontroverted that these Defendants have not violated Plaintiff's constitutional or other rights in any way. The Court in Forest Park II v. Hadley considered four conjunctive requirements in determining whether to issue a permanent injunction: "(1) the threat of irreparable harm to the movant; (2) the state of balance

between this harm and the injury that granting the injunction will inflict on other parties; (3) whether the movant proves actual success on the merits; and (4) the public interest." 336 F.3d 724, 731 (8th Cir. 2003) *citing* Bank One v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999)(reviewing a preliminary injunction as a permanent injunction and adapting the preliminary injunction factors announced in Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981), to a review of a permanent injunction), *cert. denied,* 529 U.S. 1087 (2000). The Forest Park II Court concluded that the permanent injunction issued by the district court was unwarranted because Court determined the state statutes were preempted by federal law and, therefore, could not be enforced against the plaintiffs. Id. The Court reasoned that since the litigants could not prevail on the merits of their claim, the permanent injunction should be vacated. Id. at 734.

Like Forest Park II, the Plaintiffs cannot prevail on the merits – their constitutional rights have not been offended by these Defendants and these Defendants cannot and will not prosecute them or any similarly situated sex offenders in the future. There is no evidence that any Plaintiff is under imminent threat of prosecution for violation of the Halloween Statute. Thusly, there is no "threat of irreparable harm to the movant[s]." In addition, no harm will befall Plaintiffs if the Court does not issue an injunction for the Plaintiffs have a myriad of state and federal remedies in the extremely unlikely event that they are cited with a violation of the Halloween Statute. Further, no public interest is advanced by Plaintiffs' suit because the F.R. Court has ensured protection of Plaintiffs' and other similarly situated persons' legal rights vis-à-vis the Halloween Statute. The four conjunctive factors simply do not tip in favor of this Court granting the Plaintiffs the extraordinary remedy of a permanent injunction that would require nothing more than is already required by the law. *See also* Republican Party of Minn. v. Klobuchar, 381 F.3d 785, 790 (8th Cir. 2004)(constitutional challenge of state criminal statute was rendered moot by dismissal of prosecution against one plaintiff and where no

other plaintiffs were under imminent threat of prosecution) *citing* Renne v. Geary, 501 U.S. 312, 320 (1991)(holding that respondents have "failed to demonstrate a live dispute involving the actual or threatened application of [state statute] to bar particular speech"), Mills v. Green, 59 U.S. 651, 653 (1895)(Court dismissed case when event occurred that could not affect the matters at issue reasoning that it is the duty of the court to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it), DeFunis v. Odegaard, 416 U.S. 312, 317 (1974)(case determined moot because plaintiff complaining of unconstitutional discrimination by defendants would not be affected by decision of court).

Similarly in United States v. W.T. Grant Co., the Supreme Court determined that suit against a director who had been on more than one board in violation of §8 of the Clayton Act and who had resigned from the boards after suit was filed was moot. 345 U.S. 629, 631 (1953).  While acknowledging that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, the Supreme Court concluded that a case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. Id. at 632-3.

In this case, no illegal conduct has been attributed to these Defendants; these Defendants have not initiated prosecutions against the Plaintiffs and Plaintiffs have not averred any facts to the contrary. Therefore, there is no violation of these Plaintiffs rights by these Defendants nor will there be in the future to warrant an injunction.  For Plaintiffs to merit an injunction they must prove something more than "the mere possibility which serves to keep the case alive". Id. at 633, *see also* Munson v. Gilliam, 543 F.2d 48, 54 (8th Cir. 1976)(Threat of possible criminal prosecution, in and of itself, does not constitute irreparable harm), Younger v. Harris, 401 U.S. 37, 42 (1971)("[P]ersons having no fears of

state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs"), Shain v. Veneman, 376 F.3d 815, (8th Cir. 2004)(Court denied standing to party invoking federal jurisdiction because he failed to prove he suffered an injury in fact traceable to the defendant's challenged action and redressable by the court's favorable decision for standing purposes), Davidson v. The Committee for Gail Schoettler, Inc., 24 P.3d 621 (Co. *en banc* 2001)(case mooted after challenged statute repealed and could not, therefore, be enforced against the plaintiffs).

These Defendants are bound by the Missouri Supreme Court's ruling in F.R. and do not intend on prosecuting the Plaintiffs pursuant to the Halloween Statute. Plaintiffs are otherwise speculating that the St. Louis County Prosecutor and the St. Louis County Chief of Police will not adhere to the clear pronouncements of the highest court in Missouri and the clear terms of the oath of their offices. Should these Defendants somehow breach the oaths they have taken to follow the law, then Plaintiffs would have numerous legal avenues to pursue their ripe claim. Even if there is a scintilla of a possibility that Plaintiffs may have had a claim to confer standing when they initiated this suit, that possibility no longer exists in light of the Missouri Supreme Court's holding in F.R.

Conclusion

Because the Plaintiffs do not have standing for their claims and their claims are otherwise moot, these Defendants respectfully ask that the Court to dismiss the Plaintiffs' complaint. Defendants have not violated Plaintiffs' constitutional rights nor will they in the future. To not dismiss would be akin to this Court rendering an opinion about an abstract proposition that cannot affect the matters at issue with regard to these Plaintiffs after the Missouri Supreme Court's decision in F.R. In addition, Plaintiffs Jane Doe II, John Doe II, and John Doe III cannot be prosecuted pursuant to the Halloween Statute by these Defendants as they reside wholly without St. Louis County.

WHEREFORE, Defendants respectfully request this Court to dismiss Plaintiffs' complaint and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

PATRICIA REDINGTON
COUNTY COUNSELOR

By_____
Lorena Merklin von Kaenel   #86527
Assistant County Counselor
County Government Center
41 South Central, 9th Floor
Clayton, Missouri 63105
(314) 615-7042

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent by means of Notice of Electronic Filing to Anthony Rothert, and all other parties-participants to the above-entitled action.

_/s/ Lorena Merklin von Kaenel_
Lorena Merklin von Kaenel