UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE I, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:08-CV-1518 (CEJ) |
| | ) | |
| JEREMIAH W. NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' unopposed motion for reconsideration of the Court's Memorandum and Order dated September 25, 2009, pursuant to Rule 4(d)(2), Fed.R.Civ.P. (Doc. #222). In that Memorandum and Order, the Court granted the motion to dismiss of defendants Robert McCulloch and Tim Fitch to abstain, and dismissed the remaining pending motions as moot, including plaintiffs' motion, (Doc. #135), for reimbursement for the costs of service of summons served on Jim Wells.

On November 3, 2008, plaintiffs sent a copy of the first amended complaint and a request for waiver of service via first-class mail to defendant Jim Wells, who was then the Sheriff of Pike County, Missouri. Wells failed to sign and return the waiver. On December 10, 2008, plaintiffs effectuated personal service on Wells. See (Doc. #130). After Stephen Wayne Korte became the Sheriff of Pike County, he was substituted for Wells in this action.

Federal Rule of Civil Procedure 4(d) provides that a defendant "has a duty to avoid unnecessary expenses of serving the summons." Fed.R.Civ.P. 4(d)(1). Additionally, Rule 4(d) provides:

The notice and request must:

(A) be in writing and be addressed:

    (i) to the individual defendant; or

    (ii) for a defendant t subject to service under Rule 4(h), to a officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process,

(B) name of the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;

(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed.R.Civ.P. 4(d)(1). Additionally, Rule 4(d) explains that:

> If a defendant located within the United States fails, without good cause to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and
>
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d)(2).

Here, the record indicates that Wells failed to return the waiver of service. Plaintiffs have included an invoice, showing that they incurred an expense of $115.00 to obtain personal service upon Wells. (Doc. #136-1). Additionally, in a signed declaration, plaintiffs' counsel, Anthony E. Rothert, states that he spent 2.3 hours in preparing the motion for reimbursement of costs. (Doc. #136-2). However, Mr. Rothert only seeks reimbursement for one hour at his hourly rate of $175.00. The

Court finds the amount of time expended by counsel and the hourly rate to be reasonable. Because Wells failed to comply with plaintiffs' request for waiver of service of summons, and because neither Wells nor Korte has shown good cause for the failure, the Court concludes that plaintiffs are entitled to reimbursement of costs and an award of attorney's fees in preparing the instant motion in the amount of $290.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration [Doc. #240] is **granted**.

**IT IS FURTHER ORDERED** that the Order entered on September 29, 2009 [Doc. #222], is **vacated** only to the extent that it denies the plaintiffs' motion for costs.

**IT IS FURTHER ORDERED** that plaintiffs' motion for costs associated with service on Jim Wells [Doc. #135] is **granted**.

**IT IS FURTHER ORDERED** that defendant Steven Wayne Korte, as Sheriff of Pike County, Missouri, is directed to pay plaintiffs $290.00 for the costs of service of summons and attorney's fees.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2010.