UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE I, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No. 4:08-CV-1518 (CEJ) |
| | ) |
| JEREMIAH W. NIXON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions to dismiss filed by six of the defendants in this case, plaintiffs' motion for leave to file a third amended complaint, and plaintiffs' motion for a preliminary injunction.

I. **Background**

On June 30, 2008, the Missouri Legislature enacted MO.REV.STAT. § 589.426, which provides:

> 1. Any person required to register as a sexual offender under sections 589.400 to 589.425 shall be required on October thirty-first of each year to:
>
> (1) Avoid all Halloween-related contact with children;
>
> (2) Remain inside his or her residence between the hours of 5 p.m. and 10:30 p.m. unless required to be elsewhere for just cause, including but not limited to employment or medical emergencies;
>
> (3) Post a sign at his or her residence stating, "No candy or treats at this residence"; and
>
> (4) Leave all outside residential lighting off during the evening hours after 5 p.m.
>
> 2. Any person required to register as a sexual offender under sections 589.400 to 589.425 who violates the provisions of subsection 1 of this section shall be guilty of a class A misdemeanor.

The statute became effective on August 28, 2008.

On October 3, 2008, plaintiffs filed a thirteen-count complaint for declaratory and injunctive relief, alleging that § 589.426 violates (1) the Due Process Clause of the Fourteenth Amendment in that the statute is vague and fails to provide fair notice of the conduct that it proscribes; (2) the Ex Post Facto Clause of the United States Constitution in that the statute imposes punishment for crimes committed prior to the statute's enactment; and (3) Article 1, section 13 of the Missouri Constitution[1] in that the statute applies retrospectively. On that same date, plaintiffs file a motion for a preliminary injunction to enjoin the enforcement of § 589.426.

On October 27, 2008, after a hearing, the Court entered an order enjoining the defendants from enforcing the provisions of § 589.426.1(1) and § 589.426.1(2), Mo.Rev.Stat., on October 31, 2008. The defendants filed a motion for a stay of the order, and the motion was granted without explanation by the Eight Circuit Court of Appeals on October 30, 2008.

On November 2, 2008, plaintiffs filed their first amended complaint, adding John Doe III and John Doe IV as plaintiffs. In a judgment dated November 6, 2008, the Eighth Circuit granted defendants' unopposed motion to dismiss their appeal.

On January 28, 2009, plaintiffs filed a second amended complaint for declaratory and injunctive relief as well as nominal damages. Plaintiffs state that they are Missouri residents, who were convicted of crimes—prior to the effective date of § 589.426—for which they are required to register as sexual offenders in the State of Missouri.[2] In

---

[1] Article 1, § 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor law impairing the obligation of contracts, <u>or retrospective in its operation</u>, or making any irrevocable grant of special privileges or immunities, can be enacted." Mo. Const. art. 1, § 13 (emphasis added).

[2] On May 16, 2003, Jane Doe I was convicted in St. Louis County, Missouri, of two counts of second degree statutory sodomy. On December 7, 2001, Jane Doe II was convicted in St. Charles County, Missouri, of two counts of (1) statutory rape and (2) statutory sodomy. On January 17, 2001, John Doe I was convicted in Cole County,

their second amended complaint, plaintiffs allege that § 589.426 violates (1) the Due Process Clause of the Fourteenth Amendment in that the statute is vague and fails to provide adequate notice of the conduct that it proscribes (Count I); (2) the Ex Post Facto Clause of the United States Constitution in that it imposes punishment upon plaintiffs for crimes that they committed prior to the statute's enactment in 2008 (Count II); (3) the First Amendment in that the statute unreasonably interferes with plaintiffs' right of family association with their children, step-children, and grandchildren (Count III); (4) the Fifth Amendment privilege against self-incrimination in that the statute requires plaintiffs to provide a "just cause" reason for failure to remain in their households (Count IV); (5) the Fourteenth Amendment in that the statute impedes their right to travel (Count V); and (6) the Missouri Constitution in that the statute applies retrospectively.

Plaintiffs bring this action against defendants Robert P. McCulloch, in his official capacity as the Prosecuting Attorney for St. Louis County, Missouri; Tim Fitch, in his official capacity as Chief of Police for the St. Louis County, Missouri Police Department; Chris Koster, in his official capacity as Attorney General of the State of Missouri; Jeremiah Nixon, in his official capacity as Governor of the State of Missouri; James Corwin, in his official capacity as Chief of Police for the Kansas City, Missouri Police Department; and Ronald K. Replogle, in his official capacity as Superintendent of the Missouri Highway Patrol.[3] These defendants now seek dismissal of plaintiffs' second

---

Missouri, of statutory rape and statutory sodomy. On June 28, 1995, John Doe II was convicted in Marion County, Missouri, of statutory rape. On November 13, 1997, John Doe III was convicted in Sedgwick County, Missouri, of indecent liberties with a minor. On January 27, 1999, John Doe IV was convicted in the District of Columbia of a misdemeanor charge of sexual abuse. See (Doc. #154, at 5-6).

[3]On January 28, 2009, the Court dismissed defendant Steven Schicker from this action. Defendants John C. Connelly, Steven Kruse, Mark Fisher, Carl A. Kinnison, H. Morley Swingle, Stephen Wayne Korte, John Jordan, Daniel L. White, and Paul C. Vescovo,

amended complaint with respect to them, and plaintiffs seek leave to file a third amended complaint. Plaintiffs have seek a preliminary injunction to prevent the enforcement of § 589.426 on October 31, 2010.

II. **Discussion**

A. **Motions to Dismiss**

The moving defendants argue that, in light of the Missouri Supreme Court's decision in F.R. v. St. Charles County Sheriff's Department, 301 S.W.3d 56, Mo. 2010 (en banc), plaintiffs' claims are now moot.

"In order to invoke the jurisdiction of the federal courts, the parties must demonstrate an actual, ongoing case or controversy within the meaning of Article III of the Constitution." Republican Party of Minn., Third Cong. Dist. v. Klobuchar, 381 F.3d 785, 789-90 (2004) (citation omitted). "Federal courts are not empowered to 'give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue in the case before it.'" Id. at 790 (citing Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (internal quotation marks omitted)). "A case becomes moot if it can be said with assurance that there is no reasonable expectation that the violation will recur or if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. (citation omitted). "The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

---

III. have filed answers to plaintiffs' second amended complaint. Defendant Tim Walsh has not filed an answer, nor has an attorney entered an appearance on his behalf.

The plaintiff in the F.R. case, Charles Raynor, challenged the constitutionality of the statute at issue in this case, MO.REV.STAT. § 589.426. Raynor, a sex offender whose conviction pre-dated the effective date of the statute, argued that the statute was unconstitutional because it operated retrospectively. The Missouri Supreme Court agreed and held that § 589.426 was unconstitutional as it applied to Raynor because it violated the *ex post facto* clause of Article I, section 13 of the Missouri Constitution. F.R., 301 S.W.3d at 66.

The constitutionality of § 589.426 was addressed several months later by a federal district court in Doe v. Crane, No. 09-4220-CV-C-KNL, 2010 WL 2218624 (W.D. Mo. May 28, 2010). In that case, the plaintiff, a registered sex offender who was convicted prior to the enactment of the statute, argued that § 589.426 violated various provisions of the Constitution of the United States as well as the Missouri Constitution's prohibition against *ex post facto* laws. Id. at *1. Relying on the decision in F.R., the defendants moved to dismiss the complaint, arguing that plaintiff's claims were moot and that plaintiff lacked standing. Id. at *2.

The district court ruled that, even though "F.R. addressed an as-applied challenge, its language indicates that its holding extends to those whose prosecutions under R.S.Mo. § 589.426 would be based on convictions which occurred prior to August 28, 2008." Id. at *3. Because the defendants admitted that the statute could not legally be applied to Doe and because there was "no indication that Doe has been threatened with prosecution or is otherwise under an imminent threat of prosecution," Doe's claims were moot. Id.

Here, as in Doe, the plaintiffs do not allege that they are being prosecuted or are under threat of being prosecuted under § 589.426. Indeed, in their memorandum in opposition to the motions to dismiss, plaintiffs state that there is merely a "shadow

of possible prosecution under R.S.Mo. § 589.426." Additionally, the moving defendants acknowledge that the Missouri Constitution's prohibition against laws that are retrospective in operation bars them from enforcing § 589.426 against the plaintiffs and other individuals convicted before the statute's enactment. Thus, there is no reasonable expectation that the plaintiffs will be prosecuted under the statute. See Id. at *2 [citing Missouri Prot. & Advocacy Servs., Inc. v. Carnahan, 499 F.3d 803, 811 (8th Cir. 2007)]. The Court concludes that plaintiffs' claims are now moot.

Plaintiffs contend that their requests for prospective relief, in the form of preliminary and permanent injunctions, defeat the moving defendants' mootness arguments. A plaintiff seeking a preliminary injunction must establish that there is "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." Dataphase Sys. Inc. v. C L Sys., Inc. 640 F.2d 109, 113 (8th Cir. 1981). "The standard for issuing a preliminary or permanent injunction is essentially the same, excepting one key difference." Oglala Sioux Tribe v. C & W Enters., Inc., 542 F.3d 224, 229 (8th Cir. 2008). "A permanent injunction requires the moving party to show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction." Id. (citation omitted).

As discussed above, plaintiffs have failed to plead facts sufficient to demonstrate that they will face prosecution under § 589.426. In light of the concessions made by the moving defendants, the plaintiffs' fear of prosecution is speculative and hypothetical. Thus, plaintiffs cannot establish the likelihood of irreparable harm which is required for injunctive relief.

## B. Nominal Damages

Plaintiffs argue that, even if their claims for prospective relief are moot, they may still pursue their claim for nominal damages based on the moving defendants' past constitutional violations. See Carey v. Piphus, 435 U.S. 247 (1978) (a § 1983 plaintiff can sustain an action for nominal damages for past constitutional violations). Even if a plaintiff's requests for injunctive and declaratory relief becomes moot, the "opportunity to seek monetary damages for prior violations of his [or her] constitutional rights [remains]." Keup v. Hopkins, 596 F.3d 899, 904 (8th Cir. 2010). See also Watts v. Brewer, 588 F.2d 646, 648 (8th Cir. 1978) (holding that plaintiff's release from prison had "mooted his claims for declaratory and injunctive relief but [had] not mooted his claim for monetary damages.").

The Court finds that the plaintiffs lack standing to pursue their claims, because they do not allege an actual or imminent injury-in-fact. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 120 S.Ct. 693, 145 L.Ed.2d 610 (1992) (To establish Article III standing, "[f]irst, the plaintiff must [show that he or she has] suffered an 'injury in fact'-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent[.]'") (citations omitted). There must also exist "a fairly traceable connection between plaintiff's injury and complained-of conduct of defendant." Id.

Here, the complaint contains allegations of public announcements made by certain defendants indicating their intention to enforce § 589.426. It is also alleged that two of the defendants sent letters to all registered sex offenders in Clay County, Missouri, including plaintiff John Doe III, notifying them of their obligation to comply with the statute and of the possibility of prosecution for non-compliance. The plaintiffs do not allege in the second amended complaint that they were, in fact, prosecuted or

specifically threatened with prosecution by any defendant in this case. The absence of such allegations make this case is distinguishable from the Keup and Watts cases.

Plaintiffs complied with the statute because it is penal in nature and they feared prosecution. The harm alleged by having to comply with a law later found unconstitutional, without any specific threat of enforcement by the defendants directed specifically at these plaintiffs, is not so "concrete or particularized" as to satisfy the standing requirements. See Lujan, 504 U.S. 555. The Court concludes that plaintiffs' are not entitled to pursue their claims for nominal damages.

C.  **Non-moving Defendants**

Because "questions of mootness are matters of subject matter jurisdiction," and a court must dismiss an action anytime it determines that it lacks subject-matter jurisdiction under Rule 12(h)(3), Fed.R.Civ.P., this action must also be dismissed with respect to any non-moving defendants. Charleston Housing Auth. v. USDA, 419 F.3d 729, 739 (8th Cir.2005); See also Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). Plaintiffs have not alleged any facts sufficient to show that they have any grounds for relief against the non-moving defendants that are distinct from those addressed herein. They have had an opportunity to be fully heard on these issues, and consequently, the Court must dismiss all of its claims for relief as to the non-moving defendants as well. See Rule 12(h)(3), Fed.R.Civ.P.

D.  **Motion to Amend Complaint**

In their motion for leave, plaintiffs seek leave of Court to amend their complaint to add "additional facts related to the alleged violations of their constitutional rights on October 31, 2009." (Doc. #238, at 2). "A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 5(a); however, it may properly deny a party's motion to amend its complaint when such amendment

would unduly prejudice the non-moving party or would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Id. (citing Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). "When a court denies a motion to amend a complaint 'on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand' a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Bakhtiari v. Beyer, No. 4:06-CV-1489, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008) (citing *In re* Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007)).

The Court finds that granting plaintiffs' leave to file a third amended complaint would be futile. Plaintiffs' proposed third amended complaint contains no allegations showing that any of the defendants have threatened to enforce § 589.426 against any plaintiff in the wake of the decision in F.R. Because the plaintiffs' claims in the second amended complaint are moot and the proposed amendment would be futile, the Court will deny plaintiffs' motion for leave to file a third amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Robert P. McCulloch and Tim Fitch to dismiss the second amended complaint [Doc. #232] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendants Chris Koster, Jeremiah W. Nixon, James Corwin, and Ronald K. Replogle to dismiss the second amended complaint [Doc. #236] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a third amended complaint [Doc. #238] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' third motion for a preliminary injunction [Doc. #271] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2010.